IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JWAUN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.: 13 CV 2002 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | TRIAL BY JURY DEMANDED |
| REBECCA GARCIA and MICHAEL | ) | |
| GARZA, individually and as | ) | |
| employees/agents of THE CITY OF | ) | |
| CHICAGO, THE CITY OF CHICAGO, a | ) | |
| municipal corporation, THE SHERIFF OF | ) | |
| COOK COUNTY, a municipal entity, | ) | |
| COOK COUNTY, a unit of municipal | ) | |
| government, WINNEBAGO COUNTY, | ) | |
| a unit of municipal government, | ) | |
| WINNEBAGO COUNTY SHERIFF'S | ) | |
| OFFICE, a Political Subdivision of | ) | |
| WINNEBAGO COUNTY, and THE | ) | |
| SHERIFF OF WINNEBAGO COUNTY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, JWAUN THOMAS, by and through his attorney, Benjamin B. Kelly, and complaining of the Defendants CHICAGO POLICE OFFICERS REBECCA GARCIA and MICHAEL GARZA, individually and as employees/agents of THE CITY OF CHICAGO, THE CITY OF CHICAGO, a municipal corporation, THE SHERIFF OF COOK COUNTY, a municipal entity, COOK COUNTY, a unit of municipal government, WINNEBAGO COUNTY, a unit of municipal government, and WINNEBAGO COUNTY SHERIFF'S OFFICE, a political subdivision of WINNEBAGO COUNTY, and THE SHERIFF OF WINNEBAGO COUNTY, states as follows:

1

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Plaintiff's Constitutional rights. This action also seeks civil damages pursuant to certain claims afforded to the Plaintiff under the law of the State of Illinois. Specifically, the Defendants unlawfully, falsely, without probable cause, and without due process seized the Plaintiff's person and property, used excessive force, arrested the Plaintiff, imprisoned the Plaintiff for nine days, and failed to intervene to protect Plaintiff from violation of his civil rights, in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Further the Defendant's maliciously prosecuted the Plaintiff, and intentionally inflicted emotional distress upon the Plaintiff.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and supplemental jurisdiction pursuant to 28 U.S.C. Sec. 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. Sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

## PARTIES

4. Jwaun Thomas is an individual who at all times relevant herein was a United States Citizen, living and present in the Northern District of Illinois.

5. The City of Chicago is and at all times relevant herein was a political division of the State of Illinois, existing as such under the laws of the State of Illinois as a municipal corporation. At all times relevant herein, the City of Chicago maintained, managed, and or operated the City of Chicago Police Department

2

6. Cook County is and at all times relevant herein was a political division of the State of Illinois, existing as such under the laws of the State of Illinois as a municipal corporation. At all times relevant herein, Cook County maintained, managed, and or operated the Cook County Sheriff's Office. At all times relevant herein, Cook County by and through the Sheriff of Cook County, maintained, managed, and or operated Cook County Jail.

7. Rebecca Garcia and Michael Garza are individuals who at all times relevant herein were employed as police officers of the City of Chicago, were acting under the color of state law, were acting as the agents and employees of the City of Chicago, and are sued both in their individual capacity and as agents and employees of the City of Chicago.

8. Winnebago County is and at all times relevant herein was a political division of the State of Illinois, existing as such under the laws of the State of Illinois as a municipal corporation. At all times relevant herein, Winnebago County maintained, managed, and or operated the Winnebago County Sheriff's Office and the Sheriff of Winnebago County. At all times relevant herein, Winnebago County by and through the Winnebago County Sherriff's Office and the Sheriff of Winnebago County maintained, managed, and or operated Winnebago County Jail.

## FACTS UPON WHICH CLAIMS ARE BASED

9. On or about March 22, 2012 around 2:40 a.m., Plaintiff's name was run through the Chicago Police Department computer system, at which time a warrant came up in Winnebago County.

10. At the aforesaid time, Officers Garcia and Garza, while acting in their official capacity as City of Chicago Police Officers, at or near 360 E. 75th Street, Chicago, Illinois, incorrectly matched Plaintiff's photo identification and social security number to the warrant in Winnebago County.

3

11. Officers Garcia and Garza, while acting in their official capacity as City of Chicago Police Officers, without probable cause to believe that the Plaintiff had committed, was committing, or was about to commit a crime, conducted an unlawful and unwarranted search of the Plaintiff's person

12. Plaintiff did not consent to the seizure of his person or his property.

13. At the aforesaid time and place, there was no legal cause to seize the Plaintiff's person or property.

14. During the course of seizing the Plaintiff and the Plaintiff's property Officers Garcia and Garza while acting in their official capacity as City of Chicago Police Officers, used force against the Plaintiff.

15. At the aforesaid time and place, there was no legal cause for Officers Garcia and Garza to use force against the Plaintiff.

16. Plaintiff was transported to the City of Chicago's 3th District police station where he was arrested, his property was inventoried, and he was imprisoned.

17. After being processed, and imprisoned at the City of Chicago's 3th District police station, the Chicago Police Department caused the Plaintiff to be transferred to Cook County Jail where he was imprisoned by the Sheriff of Cook County for nine days.

18. At no time relevant herein did any member of the Chicago Police Department or the Sheriff of Cook County, intervene to protect the Plaintiff form violation of his civil rights by one or more of the Defendants.

19. It was not until Plaintiff was being transported to Winnebago County that the Defendants realized Plaintiff's photograph identification and social security number did not match the information on the warrant.

4

20. By reason of the acts and omissions of the Defendants, as described herein, the Plaintiff sustained injuries to his person as well as humiliation and indignities, and suffered great mental and emotional pain and suffering which required medical treatment, all to his damage in an amount to be ascertained.

21. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive, extreme, outrageous, and done with reckless indifference to and/or conscious disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22. By reason of the above-described acts of the Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Sec. 1988, the Equal Access to Justice Act or any other provisions set by law.

## COUNT I: 42 U.S.C. Sec. 1983

23. Plaintiff re-alleges and incorporates paragraphs 1-22 as fully stated herein.

24. As described herein, Defendants unlawfully searched the Plaintiff, unlawfully seized the Plaintiff and his property, unlawfully used excessive force on the Plaintiff, falsely arrested the Plaintiff, falsely imprisoned the Plaintiff, and failed to intervene to protect the Plaintiff from violation of Plaintiff's civil rights, all without justification and without probable cause and in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.

25. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically the rights of the Plaintiff.

26. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff suffered injuries and damages of a personal and pecuniary nature as well as mental distress and anguish.

### COUNT III: STATE LAW CLAIM FOR FALSE IMPRISONMENT

27. Plaintiff re-alleges and incorporates paragraphs 1-22 as fully stated herein.

28. Plaintiff was improperly detained and imprisoned by the Defendants, as the photograph identification and social security number of Plaintiff did not match the information contained in the warrant.

29. Defendant's detained and arrested Plaintiff against his will.

30. Officers Garcia and Garza in conjunction with the Defendant Cook County by and through the Cook County State's Attorney Office and the Sheriff of Cook County, accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, specifically the rights of the Plaintiff.

32. The actions of each individual Defendant as described in the Count were taken within the scope of their employment such that their employer is liable for their actions.

33. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered injuries and damages of a personal and pecuniary nature, financial and other damages, as well as substantial mental stress and anguish.

## COUNT IV: STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff re-alleges and incorporates paragraphs 1-22 as fully stated herein.

35. By acting in the fashion described herein, the Defendants engaged in extreme and outrageous conduct. The Defendants actions were rooted in an abuse of power and authority, and they were undertaken with intent or knowledge that there was a high probability that the conduct would inflict sever emotional distress and with reckless disregard of that probability.

36. The misconduct described in this Count was undertaken with intent, malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff, such that the Defendants actions shock the conscience.

37. As a result of the above-described wrongful conduct, Plaintiff has suffered injuries and damages of a personal and pecuniary nature, financial and other damages, as well as substantial mental stress and anguish for which medical treatment was required.

## COUNT V: STATE LAW CLAIM FOR INDEMNIFICATION

38. Plaintiff re-alleges and incorporates paragraphs 1-37 as fully stated herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

40. Every individual Defendant referenced herein are or were employees of either the City of Chicago, Cook County, or Winnebago County at the time of the alleged occurrences, and were acting within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

41. Plaintiff, JWAUN THOMAS, respectfully requests that the Court enter judgment in favor of the Plaintiff and against each and every Defendant finding that:

7

a. The Defendants are liable to the Plaintiff pursuant to 42 U.SC. 1983;

b. The Defendants are liable to the Plaintiff for false imprisonment;

c. The Defendants are liable to the Plaintiff for intentional infliction of emotional distress;

d. The City of Chicago and Cook County are liable to indemnify their employees;

e. The Defendants are required to pay Plaintiff's general damages, including emotional distress in a sum to be ascertained;

f. The Defendants are required to pay Plaintiff's special damages;

g. The Defendants are required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

h. The Defendants are required to pay punitive and exemplary damages in a sum to be ascertained;

i. The Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

j. The Plaintiff have such other and further relief as this Court deem just and proper.

42. Plaintiff demands a trial by jury under the Rule 38(b) of the Federal Rules of Civil Procedure.

43. Plaintiff has not previously filed a case in this district.

Respectfully submitted,

/s/ Benjamin B. Kelly
BENJAMIN B. KELLY
Attorney for Plaintiff

The Vrdolyak Law Group, LLC.,
By: Benjamin B. Kelly
741 N. Dearborn Street
Chicago, Illinois 60654
(312) 482-8200